**Rowland Dewitt PUGH,
Plaintiff–Appellant,**

v.

**Cal A TERHUNE; et al., Defendants–
Appellees.**

**No. 02–15426.**

**D.C. No. CV–00–06882–REC.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rowland Dewitt Pugh, a California state prisoner, appeals pro se the district court's judgment dismissing for failure to state a claim under 28 U.S.C. § 1915A, his 42 U.S.C. § 1983 action alleging retaliation, a First Amendment violation, and denial of access to the courts. Pugh also appeals the district court's order denying his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to 28 U.S.C. § 1915A. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

Pugh's first amended complaint alleged that a letter he sent to his brother through the prison mail system was returned by the United States Postal Service in retaliation for grievances Pugh had filed at an unspecified time. The district court properly dismissed this claim because Pugh failed to allege facts demonstrating a link between his grievances and the returned mail. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995) (holding that prisoner must establish link between exercise of constitutional rights and allegedly retaliatory action).

The district court properly dismissed Pugh's claim that the prison interfered with his mail because Pugh's allegations were vague and conclusory. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

Pugh's claim that the prison did not process his grievance lacks merit because according to documents attached to Pugh's motion to vacate judgment, Pugh's grievance was not filed because it was untimely. *See Lewis v. Casey*, 518 U.S. 343, 351–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)

---

(requiring prisoner to demonstrate that a non-frivolous legal claim has been frustrated or impaired).

Because Pugh failed to demonstrate any basis for relief from judgment, the district court did not abuse its discretion by denying his motion to reconsider. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir.1993).

We deny Pugh's motion for appointment of counsel on appeal. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.